IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MISCHELLE KRISTOPHER<br>106 Kingwood Lane<br>Levittown, PA 19055<br><br>Plaintiff,<br><br>vs.<br><br>FLEXTRONICS AMERICA, LLC<br>c/o CT Corporation System<br>1515 Market Street<br>Philadelphia, PA 19102<br><br>Defendants. | : | Civil Action No.: |

**COMPLAINT**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, Title I of the Civil Rights' Act of 1991, and the Pennsylvania Human Relations Act (PHRA) 43 P.S. §§ 951-963, to correct unlawful employment practices that discriminate on the basis of sex/pregnancy and to provide appropriate relief to Plaintiff Mischelle Kristopher who was adversely affected by such practices. During her employment with Defendants, Ms. Kristopher was subjected to gender/pregnancy discrimination by her supervisor, Tatia Bailey, through regular, derogatory comments and conduct with regard to Ms. Kristopher's gender/pregnancy, which created a hostile and offensive work environment for Ms. Kristopher as a female. Ms. Kristopher made complaints of the discrimination and harassment, and Defendants took no actions. Instead, Defendant subjected Plaintiff to baseless criticism and threatened her job in retalation for her complaints.

As a result of the ongoing harassment, discrimination and retaliation, Ms. Kristopher

was forced to resign her position with Defendant, which was then rescinded. Thereinafter, she was terminated by Defendant. The discriminatory, harassing and retaliatory actions taken against Ms. Kristopher resulted in monetary damage as well as severe emotional distress, causing damages that include, but are not limited to, humiliation, anxiety and other physical ailments and emotional damages. Defendants' conduct is so egregious and outrageous and intentional, that Plaintiff seeks punitive damages. Plaintiff also brings pendent state law claims.

Plaintiff duly and timely filed her charges of discrimination with the Equal Employment Opportunity Commission on May 26, 2009, and cross-filed with the Pennsylvania Human Relations Commission. A true and correct copy of the EEOC Right to Sue Letter is attached hereto and incorporated herein as Exhibit "A." Plaintiff has complied with all statutory requirements and this matter is ripe for private civil action. More than one year has passed since the filing of the charges of discrimination, and Plaintiff has received her right to sue from the EEOC.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 45 l, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to § 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3)" ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania.

3. Jurisdiction over the state law claims is conferred upon this court by virtue of the Judicial Improvements Act of 1990, 28 U.S.C. § 1367.

PARTIES

4. Plaintiff Mischelle Kristopher is an adult individual and a citizen of the Commonwealth of Pennsylvania, residing therein at 106 Kingwood Lane, Levittown, PA 19055.

5. Defendant Flextronics America, LLC is a corporation, partnership, unincorporated association and/or other business entity with its principal place of business located at 847 Gibraltar Drive, Mipitas, CA 95035, and has continuously been and is now doing business in the Commonwealth of Pennsylvania.

6. At all relevant times, Defendant Flextronics America, LLC has continuously been and are now doing business in the Commonwealth of Pennsylvania and have continuously had at least fifteen (15) employees, with a local address of 1515 Market Street, Philadelphia, PA.

7. At all relevant times, Defendant Flextronics has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

8. At all times material hereto, Plaintiff Mischelle Kristopher was employed by Defendant Flextronics.

## STATEMENT OF CLAIMS

9. From December 2008 through May 2009, Defendant Flextronics, by and through their employees, agents, contractors and/or servants including but not limited to Tatia Bailey, Plaintiff's supervisor, engaged in unlawful employment practices, in violation of Section 703(a) (l) of Title VII, 42 U.S.C. § 2000e-2(a) (t) and 2000 (e)-3 (a) (1) and of the Pennsylvania Human Relations Act, by subjecting Plaintiff Mischelle Kristopher to a hostile work environment and harassment based on her gender/pregnancy, incidents of which include, but are not limited to, the following:

(A) Beginning in or about August 2008, Tatia Bailey became Plaintiff's supervisor. In

or around December 2008, Ms. Bailey learned that Plaintiff was pregnant. Immediately after this, Ms. Bailey began to discriminate against Plaintiff because of Plaintiff's pregnancy. This discrimination included but was not limited to; changing the stores Plaintiff was assigned to so that Plaintiff would have to travel a greater distance; ignoring Plaintiff and refusing to speak to her in public; humiliating Plaintiff in front of customers; not allowing Plaintiff to speak during telephone conversations and/or hanging up on Plaintiff in the middle of telephone conversations; and intentionally providing Plaintiff with unclear directions regarding work assignments.

(B) Upon Plaintiff's complaints of harassment, gender discrimination and hostile work environment, Defendant, by and through its agents, servants, employees and workmen, failed to fully, adequately and sufficiently investigate, curb, rectify or control, the offensive behavior, discrimination, harassment and hostile environment created and committed by its employees, agents, servants, workmen and contractors, including but not limited to Plaintiff's supervisor, Tatia Bailey, and failed to act in accordance with law and responsibility to care for and protect their employees from sexual harassment and a hostile work environment.

( C) In furtherance of the discrimination and harassment of Plaintiff, Plaintiff was subjected to baseless criticism and her job was threatened on several occasions. In furtherance of the discrimination, harassment and resulting emotional distress, Plaintiff was forced to resign her position with Defendant on March 12, 2009. After such, the resignation was rescinded and the Plaintiff was fired by Defendant, in furtherance of retaliation.

( D) Each and every allegations contained in Plaintiff's EEOC Complaint is hereby incorporated by reference.

10. This harassment/ hostile work environment, gender discrimination, and retaliation was committed/created/aided/ abetted/fostered by Defendant's employees, agents, workmen and

contractors, including Plaintiff's supervisor, Tatia Bailey, who possessed and exercised power and control over the terms and conditions of Plaintiff's employment. The harassment/hostile work environment, gender discrimination and retaliatoin were reported to the Defendants' management, who either refused to take any action and/or failed to take appropriate, immediate action to stop the harassment and discrimination. The harassment/hostile work environment resulted in the constructive discharge of Plaintiff from employment with the Defendants, as she became unable to tolerate the continued discrimination/harassment.

11. The unlawful employment practices complained of in the preceding paragraphs were done with malice or with reckless indifference to the protected rights of Mischelle Kristopher as a female.

## LEGAL ALLEGATIONS

### Count I

### MISCHELLE KRISTOPHER v. FLEXTRONICS AMERICA, LLC

### Unlawful Gender/Pregnancy Discrimination and Harassment in Violation of Title VII of the Civil Rights Act of 1964 as Amended by the Civil Rights Act of 1991.

12. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, inclusive, as though each were set forth at length herein.

13. Defendants are persons and employers within the meaning of 42 U.S.C. §§ 2000e(a) and (b).

14. Title VII of the Civil Rights Act of 1964 as amended in 1991, and the regulations promulgated thereunder make it an unlawful employment practice for an employer to discriminate against any individual with respect to the terms and conditions or privileges of employment on the basis of gender. 42 U.S.C. §§ 2000e-2(a)(1).

15. Defendants intentionally discriminated against Plaintiff by committing a course of conduct and/or placing the Plaintiff in the path of such conduct, including but not limited to the above-described, which also created a hostile work environment.

16. Defendants knew or should have known that their employment practices had created a hostile work environment that was harassing to female employees, including the Plaintiff, and failed to stop, continued, and/or encouraged the above described discriminatory practices thus aiding and abetting the sexual harassment by its agents, servants, contractors, workmen, supervisors, managers and employees in violation of law.

17. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits.

18. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered severe emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, depression, anxiety, and embarrassment.

19. As a direct and/or proximate result of Defendants' discriminatory conduct, Plaintiff suffered professional injuries, including but not limited to injuries to her professional development.

20. Plaintiff seeks all damages available under Section 1981(a).

**Count II**

**MISCHELLE KRISTOPHER v. FLEXTRONICS AMERICA, LLC**

**Retaliation in Violation of Title VII of the Civil Rights Act of 1964 as Amended by the Civil Rights Act of 1991.**

21. Plaintiff hereby incorporates by reference the preceding paragraphs of this Complaint, inclusive, as though each were set forth at length herein.

22. Defendants intentionally discriminated against Plaintiff by committing a course of conduct and/or placing the Plaintiff in the path of such conduct, including but not limited to the above-described, which created a hostile work environment and was carried out in retaliation against Plaintiff for her complaints for harassment and discrimination.

23. Defendants knew or should have known that their employment practices had created a work environment which was hostile and harassing to female employees, including the plaintiff, and failed to stop, continued, and/or encouraged the above described discriminatory and/or retaliatory practices thus aiding and abetting the retaliation by its agents, servants, contractors, workmen, supervisors, managers and employees in violation of law.

24. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits.

25. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered severe emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, depression, anxiety, and embarrassment.

26. As a direct and/or proximate result of Defendants' discriminatory conduct, Plaintiff suffered professional injuries, including but not limited to injuries to her professional development.

27. Plaintiff seeks all damages available under Section 1981(a).

**Count III**

**MISCHELLE KRISTOPHER v. FLEXTRONICS**

**Violations Under the Pennsylvania Human Relations Act:**

28. Plaintiff hereby incorporates by reference the preceding paragraphs of this complaint as though each were set forth at length herein.

29. Defendants' course of unlawful conduct as above-described discriminated against Plaintiff solely on the basis of her gender creating a hostile work environment and retaliating against Plaintiff for her complaints of discrimination/harassment and hostile work environment in violation of the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 955(a).

30. Defendants knew or should have known that its employment practices had a created a discriminatory work environment which was hostile and harassing to female employees, including the plaintiff, and that they: failed to stop, continued, and/or encouraged the above described discriminatory practice thus aiding and abetting the sexual harassment by its agents, servants, contractors, workmen, supervisors, managers and employees in violation of the PHRA, 43 P.S. § 955(e).

31. Defendants intentionally discriminated against Plaintiff by committing a course of conduct and/or placing the Plaintiff in the path of such conduct, including but not limited to the above-described, which created a hostile work environment and was carried out in retaliation against Plaintiff for her complaints for harassment and discrimination.

32. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered financial injury including but not limited to past loss of earnings, future loss of earnings, loss of earning potential, loss of benefits.

33. As a direct and/or proximate result of the above-described discriminatory actions of Defendants, Plaintiff suffered severe emotional and mental injuries, including but not limited to past and present pain and suffering, humiliation, depression, anxiety, and embarrassment.

34. As a direct and/or proximate result of Defendants' discriminatory conduct, Plaintiff suffered professional injuries, including but not limited to injuries her professional development, loss of potential promotions and damage to her professional reputation.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a jury trial in this matter.

REQUESTED RELIEF

WHEREFORE, Plaintiff Mischelle Kristopher respectfully prays that this Court award the following relief:

a. Exercise jurisdiction over this matter;
b. Issue declaratory and injunctive relief finding that the above-described practices are unlawful and enjoining their past and continued effects;
c. Award Plaintiff damages, with statutory interest, that are necessary and proper to compensate her for the discrimination, harassment, and hostile work environment, including but not limited to: back pay, front pay, past lost wages, future lost wages, lost pay increases, lost pay incentives, negative tax consequences, and lost benefits, injury to professional development, emotional well-being, humiliation, medical bills and expenses and physical and mental pain and suffering;
d. Award Plaintiff damages for past, present and future physical and mental pain and suffering;
e. Award Plaintiff liquidated damages in the amount of double all damages awarded;
f. Award Plaintiff punitive damages;
f. Award Plaintiff her reasonable attorney fees and costs: and,
g. Grant such other relief as the Court deems just, proper and equitable;

all of which is in excess of $150,000.00.

Respectfully submitted,

s/ EAP2098

Edith A. Pearce, Esquire
Attorney for Plaintiff
The Pearce Law Firm
1429 Walnut Street, 14th Floor
Philadelphia, PA 19102
(215) 557-8686

# EXHIBIT "A"

EEOC Form 161 (Rev 2/17/08)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Mischelle Kristofor
106 Kingwood Lane
Levittown, PA 19055

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, Suite 1300
Philadelphia, PA 19107-3127

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2009-03331 | Legal Unit | (215) 440-2828 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

[ ] Your charge was not timely filed with EEOC. In other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[ X ] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)* ____________

## - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

[signature]

Spencer H. Lewis, Jr., District Director

6/29/11
*(Date Mailed)*

Enclosure(s)

Information Sheet

cc: FLEXTRONICS AMERICA, LLC
Edith A Pearce, Esq. (for Charging Party)
Paula Kutansky-Brown, Esq. (for Respondent)

# EXHIBIT "B"

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

AGENCY: [ ] FEPA [X] EEOC

CHARGE NUMBER

Philadelphia Human Relations Commission and EEOC
State or local Agency, if any

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mischelle Kristofor | (215) 850-0038 |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|
| 106 Kingwood Lane, Levittown, PA 19055 | |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Flextronics | over 100 employees | (408)957-8500 |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| 847 Gibraltar Drive, Mipitas, CA 95035 | |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS / CITY, STATE AND ZIP CODE | COUNTY |
|---|---|
| | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

[ ] RACE [ ] COLOR [X] SEX [ ] RELIGION [ ] AGE
[ ] RETALIATION [ ] NATIONAL ORIGIN [ ] DISABILITY [X] OTHER (Specify) Pregnancy

DATE DISCRIMINATION TOOK PLACE EARLIEST (ADEA/EPA) LATEST (ALL)
December 2008
[ ] CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

On or about December 2008 continuing through March 2009 I was subjected to discrimination, harassment, retaliation and hostile work environment because of my pregnancy resulting in my retaliatory termination. I am a woman who was pregnant during my employment with Respondent. I am capable and qualified to perform the duties as trainer for the Respondent.

I began my employment with the Respondent in November 2001 as a Customer Service Technician and was promoted to a Trainer for the Retail Technical Services division in October 2004.

Beginning in or about August 2008, Tatia Bailey became my supervisor. In or around December 2008, Ms. Bailey learned I was pregnant. After this, Ms. Bailey began to discriminate against me because of my pregnancy. This includes but is not limited to, changing the stores I (continued on the following page)

RECEIVED - EEOC PHILADELPHIA D.O.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY - (When necessary for State and Local Requirements)

I declare under penalty of perjury that the foregoing is true and correct.

6/8/09 Mischelle L. Kristofor

Date Charging Party (Signature)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day, month, and year) 8th June, 2009

NOTARIAL SEAL
JEANNETTE M KANE
Notary Public
PHILADELPHIA CITY, PHILADELPHIA CNTY
My Commission Expires May 28, 2012

EEOC FORM 5 (10/94)

RECEIVED - EEOC PHILADELPHIA D.O.

was assigned to so that I would have to travel a greater distance, ignoring me and refusing to speak to me in public, humiliating me in front of customers, not allowing me to speak during telephone conversations, hanging up on me in the middle of telephone conversations, stating she left messages for me on my voice mail which I never received, intentionally providing me with unclear directions regarding work assignments and other incidents.

On or about February 19, 2009, Andrew Nicolosi had a conference call with Adam Coffey, Lynn Jozwick, Kim Brown, Angel Truman and myself to discuss concerns regarding Ms. Bailey's treatment of me.

On this conference call, I told Mr. Nicolosi that Ms. Bailey began treating me differently from the other employees after she learned that I was pregnant. Mr. Nicolosi said it sounded like this was a communication style difference, that my concerns were unreasonable and we needed to work out their differences. He also stated he did not see a problem with anything, but he would talk to Ms. Bailey.

On or about February 26, 2009, I wrote an e-mail to Dawn Larkin, in the Human Resources Department, expressing concerns regarding Ms. Bailey discriminatory and harassing behavior. In this e-mail, I clearly stated Ms. Bailey's discriminatory and harassing behavior began after I announced my pregnancy in December 2008. Despite reporting of the discriminatory and harassing behavior nothing was done and Ms. Bailey continued to act in a hostile and discriminatory manner towards me.

On or about March 2, 2009, Andrew Nicolosi sent an e-mail to Adam Coffey, Lynn Jozwick, Kim Brown, Angel Truman and I, requesting a face to face meeting be held to attempt to fix the issues. Ms. Bailey, Mr. Nicolosi, Dawn Larkin and Jim Rhodes would also be present at the meeting. The meeting was scheduled for Thursday, March 12, 2009.

On March 3, 2009, I had a meeting with Joan Garyantes at her request along with two other trainers. At this time, I learned Ms. Garyantes had not been informed of my complaints of discriminatory behavior and retaliation. I told Ms. Garyantes I felt I was being discriminated against because of my pregnancy. Ms. Garyantes stated she did not think Mr. Nicolosi handled the situation properly and that going forward she would be handling the situation.

(continued on the following page)

Mischelle Kristofor v. Flextronics

Charge of Discrimination - continued

On or about Wednesday, March 11, 2009, I spoke to Mr. Nicolosi about Ms. Bailey's delinquent approval of my expense reports and time off requests. Ms. Bailey intentionally ignoring the expense reports and time off requests was an act of discrimination and retaliation for my complaints. Mr. Nicolosi dismissed my concerns.

I was unsatisfied with Mr. Nicolosi's resoponse, so I turned to Ms. Larkin, in the Human Resources Department, for advice. Ms. Larkin stated she would talk to Mr. Nicolosi. I again stated my concerns about the discriminatory actions taken against me because of my pregnancy.

I then spoke to Mr. Nicolosi who informed me that the purpose of the meeting, on March 12, 2009, was to discuss positive things and that I was not to bring up any problems or issues. During this conversation I again stated I was concerned I was being discriminated against. I felt that my complaints were being ignored, since I had been led to believe the purpose of the March 12, 2009 meeting was to address these complaints. At this point Mr. Nicolosi became irate. He stated that he was not going to talk about discrimination again and if I brought up or complained about discrimination again, I would be written up for insubordination and a follow up of termination. He also stated if I could not bring him written proof of the discrimination there would be consequences. When I inquired as to what the consequences would be, Mr. Nicolosi stated that I would be terminated and then the parties involved would take whatever actions were necessary. I asked Mr. Nicolosi if he was threatening me, and he told me to take it how I want. I stated I just wanted to be treated normally and it was very difficult working under these circumstances. Mr. Nicolosi stated he id not want to hear about this anymore. He was tired of hearing about this and if he heard anything else from me, I would be written up for insubordination and terminated. I asked Mr. Nicolosi again if he was willing to do anything regarding my claims. He said he was not willing to do anything. At that point, I felt as if I had no other choice but to give my two weeks notice.

After my conversation with Mr. Nicolosi I was very upset. I called Jim Rhodes, Area Director, who arranged a conference call with Ms. Larkin in the Human Resources Department. Ms. Larkin told me my resignation was not accepted and that they were going to fix the problems, including my claims of discrimination and retaliation. She told me to attend the meeting scheduled for March 12, 2009. When this conversation ended, I believed my resignation had been rescinded.

At approximately 6:00 p.m. that evening, Mr. Nicolosi left another voice mail asking me to call him or Ms. Larkin. I called Ms. Larkin, left a voice mail, and then she returned my call with Mr. Nicolosi also on the line. Mr. Nicolosi stated my termination had been accepted and

(continued on the following page)

that I was to cease all business activities immediately. I asked Ms. Larkin whether I was to attend the meeting tomorrow, which was where she said my concerns about discrimination and retaliation would be addressed. Ms. Larkin stated there would be no need now for me to attend.

Following this conversation, I sent an e-mail stating that I did want to leave my job and I stated I stated that I was discharged in retaliation for my complaints about pregnancy discrimination.

On Thursday, March 12, 2009, I called Ms. Garyantes and left her a message asking to speak with her. Ms. Garyantes returned my phone call Thursday evening. I told Ms. Garyantes I did not want to leave the company and that I just wanted help. I told her I sent the e-mail to Mr. Nicolosi giving two weeks notice because I felt threatened and that I had no other choice. I also told her again I felt like I was being discriminated against because of my pregnancy. On Friday, March 13, 2009, Ms. Garyantes called and informed me that the Respondent's decision to let me go was final.